UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KARDOL QUALITY PRODUCTS, LLC,            CASE NO.: 1:14-cv-392

    Plaintiff,                                                      Judge Michael R. Barrett

    v.

PHOENIX RESINS, INC.,

    Defendant.

## OPINION AND ORDER

This matter is before the Court on Plaintiff Kardol Quality Products, LLC's partial motion to dismiss (Doc. 14), Defendant Phoenix Resins, Inc.'s response in opposition (Doc. 16), and Plaintiff Kardol Quality Products, LLC's reply (Doc. 19). This matter is now ripe for review.

Kardol's motion to dismiss raises challenges as to sufficiency of Phoenix's pleading of its fraud counterclaim. In Count Two of its counterclaims, Phoenix alleges:

> 15. Counterclaim Plaintiff Phoenix Resins, Inc. incorporates by reference herein paragraphs 1 through 14 of its Counterclaims, as if set forth fully herein.
>
> 16. Kardol represented to Phoenix that it was manufacturing, and was capable of manufacturing, the full line of products so that Phoenix would consider going into business with Kardol.
>
> 17. Phoenix reasonably relied upon such representations by Kardol in making its decisions to do business with Kardol, and to shut down some of its own manufacturing operations in New Jersey.
>
> 18. In fact, Kardol was not a manufacturer of some of the products which it was distributing, but was instead simply purchasing such products from other companies, and reselling those products. The representations by Kardol were false when made, and made for the purpose of having Phoenix rely upon them.
>
> 19. Kardol was incapable of producing at its own facilities some of the products which Phoenix had been producing but which Phoenix stopped

1

> producing in reliance upon the representations of Kardol concerning its manufacturing experience and capabilities.
>
> 20. As a result of this reliance upon the misrepresentations of Kardol, Phoenix stopped manufacturing certain products on its own, relied upon Kardol for its production, and lost various customers and sales of the products because of quality control problems and other product quality problems, and lost money involved in the production of such products by Kardol.

(Doc. 13, PageId 100).

To properly state a claim for relief, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S at 678.

Due to the "high risk of abusive litigation," *Twombly*, 550 U.S. at 569 n.14, a party alleging fraud "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). This means that a plaintiff must specify 1) what the fraudulent statements were, 2) who made them, 3) when and where the statements were made, and 4) why the statements were fraudulent. *Republic Bank & Trust Co. v. Bear Stearns & Co.*, 683 F.3d 239, 247 (6th Cir. 2012).

Kardol argues that Phoenix has failed to satisfy the standard for pleading fraud because it has not alleged who made the statements, when the statements were made, or where the statements were made. The Court agrees that the allegations fail to provide sufficient notice of the allegedly fraudulent representation to allow Kardol to address the counterclaim in a meaningful way.

2

Although Phoenix alleges generally that "Kardol" made the alleged fraudulent statement, it is necessary to specify the individual(s) who made those statements. This case is distinguishable from *Pasqualetti, Sr. v. Kia Motors America, Inc.*, 663 F. Supp. 2d 586 (N.D. Ohio 2009), because the knowledge as to who made the statements is not "uniquely" in Kardol's possession. While Phoenix alleges that Kardol can easily infer that it was the CEO who made the alleged fraudulent statements based upon their business relationship, it is Phoenix's burden to plead its counterclaim with particularity rather than Kardol's burden to make inferences from Phoenix's pleading. Further, the Court must base its determinations on the allegations in the pleadings in which it is not apparent that all relevant discussions occurred between the principals and no other employees were involved in the negotiations who could have made the alleged fraudulent statements.

Similarly, Phoenix has not alleged where the alleged fraudulent statements were made. While Phoenix appears to suggest the fact can be readily inferred, the Court disagrees. Given that negotiations can occur in a variety of formats, it is necessary for Kardol to be informed as to the particular location and/or means by which the alleged fraudulent statement was made to address the counterclaim in a meaningful way.

As for when the alleged fraudulent statements occurred, the pleading contains no allegations specific to the timing in the context of the fraud counterclaim. While the pleading elsewhere makes some references to timing, those references fail to put Kardol on notice as to a precise timeframe for the alleged fraudulent representation. Even though Phoenix indicates in the response in opposition the alleged timeframe, the Court again must consider the pleadings in ruling on the motion to dismiss rather than counsel's extraneous statements offered in response

to the motion to dismiss. As it is Phoenix's burden to plead the alleged timeframe, the vague references in the pleadings are insufficient to satisfy the pleading standards for a fraud claim.

Requiring Phoenix to plead fraud with specificity is not a wasteful exercise but instead is a meaningful exercise directed towards ensuring that fraud is pled with specificity as required by Rule 9(b) and the Sixth Circuit. Nevertheless, Rule 15 of the Federal Rules of Civil Procedure grants courts discretion to allow a party to file an amended pleading. Fed. R. Civ. P. 15(a)(2). Courts should freely give lead to amend when just so requires, but leave may be denied if the proposed amendment is futile. Given that Phoenix appears to have specific information the addition of which would allow it to plead fraud with particularity, the Court finds that leave to amend should be granted to Phoenix.

## IV.    CONCLUSION

Consistent with the foregoing, Kardol's Motion to Dismiss (Doc. 14) is hereby **GRANTED**, but Phoenix shall have **14 days** from the entry of this Order to amend its fraud counterclaim to comply with Rule 9(b).

**IT IS SO ORDERED.**

                                              s/Michael R. Barrett
                                              JUDGE MICHAEL R. BARRETT
                                              UNITED STATES DISTRICT COURT